■ JANICE L. METHE, Appellant, v GENERAL ELECTRIC COMPANY, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered February 8, 1988 in Albany County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Defendant terminated its employment of plaintiff as a laboratory technician, allegedly for unsatisfactory work performance. Thereupon, plaintiff commenced an action asserting breach of contract, wrongful termination of employment and intentional infliction of emotional distress, though, in response

to defendant's motion to dismiss pursuant to CPLR 3211 (a) (7), she, by affidavit, denied any claim for wrongful discharge. Supreme Court, finding the contract claim insufficiently pleaded and the emotional distress cause of action unmaintainable, granted the motion to dismiss without prejudice to service of an amended complaint upon a showing of a meritorious cause of action. Plaintiff appeals; we affirm.

The gist of plaintiff's first cause of action, as elaborated by her affidavit in opposition to the motion to dismiss, is that she was entitled to a number of benefits, such as income extension assistance, insurance and job seeking assistance, in the event that she was laid off for lack of work, purportedly the real reason her employment was discontinued, and that termination for unsatisfactory performance was a subterfuge to avoid payment of these benefits. However, plaintiff does not aver that the right to these postemployment benefits spring from her employment contract, but rather that they appear in "personnel policies" that were "promulgated and published" by defendant "subsequent to [plaintiff's] initial employment". Plaintiff does not suggest any basis for incorporating defendant's personnel policies into her employment contract *(cf., Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466) or assert that her continued employment was conditioned on the employer's compliance with these policies. Since modification of the employment-at-will relationship must be by express agreement *(Sabetay v Sterling Drug,* 69 NY2d 329, 334-335), plaintiff has, as yet, failed to state a cause of action for breach of contract *(see, Lupinski v Village of Ilion,* 59 AD2d 1050, 1050-1051). In short, even assuming, as we must at this juncture, that plaintiff was discharged for lack of work, there is no allegation, or statement from which an allegation may be fairly inferred, that defendant, as an inducement for plaintiff's services, promised her that termination occasioned by lack of work would be accompanied by certain posttermination benefits. In the event that was in fact the case, plaintiff has the opportunity to amend her complaint accordingly.

The second cause of action is not a cognizable one because it does not assert facts constituting intentional infliction of emotional distress *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *Wehringer v Standard Sec. Life Ins. Co.,* 57 NY2d 757, 759).

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.