■ In the Matter of THOMAS LEMME, Respondent, v JOSEPH J. DOLAN, as Chairman of the Board of Zoning Appeals of the City of Albany, et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered February 28, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Zoning Appeals of the City of Albany denying petitioner's request for a demolition permit.

This proceeding involves a challenge to the construction and enforcement by the City of Albany's Historic Resources Commission (hereinafter the Commission) of section 1-135 (b) (2) of the city's Historic Resources Commission Ordinance (hereinafter the ordinance) (Code of City of Albany §§ 1-126—1-136). Under that section, one seeking a permit to demolish a structure in a protected district must first submit and obtain approval by the Commission of "plans for new development" at the site of the demolition. In *Historic Albany Found. v Coyne* (159 AD2d 73), we upheld the facial validity of section 1-135 (b) (2). This case reaches us in a somewhat different posture. A full description of the other pertinent sections of the ordinance are contained in that decision and will not be repeated here.

Petitioner owns two adjoining premises at numbers 205 and 207 Lark Street in the city, within the city's Center Square/ Hudson Park Historic District. Petitioner operates a food market at number 205. Number 207 has not been fully used for some time but was partly used to house equipment for the operation of the food market. Number 207 was substantially damaged by a fire on April 26, 1989. The City Building Commissioner found that the fire had affected the building's structural stability and that it had left it in an open and hazardous condition. He ordered petitioner to barricade the building, to obtain an architect's plan for stabilization and restoration and to apply to the Commission for permission to stabilize and restore the building pursuant to such plan and in accordance with the provisions of the ordinance.

Petitioner thereafter appeared before the Commission to request permission to demolish the subject building and rebuild on the site. The matter was adjourned to enable petitioner also to present comparative cost figures for restoration of the building. Among the papers submitted by petitioner was an engineering report recommending demolition over restoration because "previous fires, past deterioration, this current fire, and a lack of maintenance" caused the building to be totally structurally deficient. Petitioner's architect submitted one page summaries describing the work and cost of alternative proposals for stabilization and reconstruction or demolition and new construction, both of which included as a work item "Stabilize grocery store". Both plans also provided for the retention and reuse of the historically significant existing exterior elements of the building. Petitioner then requested another adjournment to review the economic feasibility of the alternative proposals.

Subsequently, petitioner submitted an amended application for a certificate of appropriateness for demolition only, to which was attached a report by his accountants finding and concluding that neither the restoration nor the demolition/ new construction proposals were economically feasible. Petitioner asserted that he was relieved of any requirement for submission and approval of plans for new development of the subject property following demolition by the proof he submitted that the respective costs of restoration or new construction were such as not to permit recovery of a fair return on the property. The Commission denied petitioner's application for a demolition permit only and this was upheld on administrative appeal by respondent Board of Zoning Appeals of the City of Albany.

Petitioner then brought this CPLR article 78 proceeding to challenge the determination. Supreme Court annulled and directed the Commission to grant petitioner a certificate of appropriateness for demolition only, subject to any conditions the Commission might wish to impose regarding preservation of components of the building having special historic value.

Supreme Court ruled that section 1-135 (b) (2) of the ordinance, requiring the submission and Commission approval of a plan of new development as a condition for permission to demolish a structure in a protected district, only applies when an owner contemplates new construction and "demolition is merely an adjunct thereto and not an end in itself". The court further held that where, as here, demolition is "involuntary" because the existing building is structurally unsound and

dangerous and the City Building Commissioner has ordered the owner to abate the condition, enforcing the requirements of section 1-135 (b) (2) constitutes an invalid taking of property without just compensation in compelling restoration at the owner's expense. This appeal followed.

There should be a reversal. In *Historic Albany Found. v Coyne* (159 AD2d 73, *supra)*, we upheld as facially valid a construction of the ordinance under which section 1-135 (b) (2) would apply generally to all situations where permission is sought to demolish a building in a protected district. Here, the Commission has interpreted section 1-135 (b) (2) exactly in the manner we found constitutionally valid in *Historic Albany Found. v Coyne (supra)*. This construction we find reasonable and consistent with the statutory language in all respects.

In finding section 1-135 (b) (2) valid in *Historic Albany Found. v Coyne (supra)*, we relied in part upon the fact that the challenged provision was also subject to being construed to afford an owner relief by way of a variance or waiver of the strict requirements of the ordinance regarding restoration or new construction after demolition. Among other reasons why this petition should have been dismissed is petitioner's failure to seek and afford the Commission an opportunity to grant a waiver or variance so that any new development ordered and approved by the Commission would yield a fair return, thus obviating Supreme Court's constitutional concerns *(see, Hodel v Virginia Surface Min. & Reclamation Assn.,* 452 US 264, 297; *Penn Cent. Transp. Co. v New York City,* 438 US 104, 136).

Moreover, there were a number of open factual questions having a significant bearing on the validity of any burden of restoration which might ultimately be imposed by the Commission. One of such issues, as the Commission noted, was the extent to which the claimed expenses of restoration or new construction might be properly allocable to petitioner's adjoining premises where the food market is located *(see, Penn Cent. Transp. Co. v New York City, supra,* at 120-121, *affg* 42 NY2d 324, 333-334). Other questions include the inadequacy of petitioner's submission to establish costs and economic hardship and the effect, if any, the Commission might give to the fact that petitioner's neglect of maintenance may have been contributing to the condition of the subject building. Resolution of all such issues should properly have been left to the Commission in the first instance.

As to Supreme Court's reliance upon the Fourth Department's holding in *Wolk v Reisem* (67 AD2d 819), from a

reading of that decision there appears to be significant differences between the City of Rochester Historic Ordinance reviewed therein and that at issue here. Notably, the ordinance here (Code of City of Albany § 1-136.1) exempts from its operation emergency demolition ordered for public safety reasons by the City Building Commissioner.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.