■ Janice L. Methe, Respondent, v General Electric Company, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered March 14, 1990 in Albany County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff commenced employment with defendant in September 1974. About 10 years later, she transferred to a technician position. From March 25, 1987 to June 19, 1987 she received a less than satisfactory or unsatisfactory performance rating. By letter dated July 8, 1987, plaintiff was notified of these ratings and informed that her employment would be terminated on July 17, 1987, with two weeks of termination pay.

Plaintiff thereafter commenced an action against defendant that set forth two causes of action. The first cause of action alleged that as part of her contract of employment she was entitled to certain employment benefits due an employee who was laid off for lack of work and that her discharge for unsatisfactory performance of her duties was a sham to permit defendant to avoid paying her the layoff benefits to which she was entitled. The second cause of action alleged emotional damages due to defendant's violation of its policies and procedures. Before answering defendant moved to dismiss the complaint for insufficiency and Supreme Court granted defendant's motion. The dismissal of plaintiff's first cause of action, however, was without prejudice to a motion to serve an amended complaint upon a showing of a meritorious cause of action. On appeal, this court affirmed the order of Supreme Court (150 AD2d 853, *lv dismissed* 74 NY2d 842) stating: "assuming, as we must at this juncture, that plaintiff was discharged for lack of work [as she claims], there is no allegation, or statement from which an allegation may be fairly inferred, that defendant, as an inducement for plaintiff's services, promised her that termination occasioned by lack of work would be accompanied by certain posttermination benefits. In the event that was in fact the case, plaintiff has the opportunity to amend her complaint accordingly" *(supra,* at 854).

After an unsuccessful attempt to appeal this determination to the Court of Appeals, plaintiff moved for permission to file an amended complaint before Supreme Court and her motion was granted. Thereafter, plaintiff filed an amended complaint containing one cause of action, seeking damages for defendant's wrongful denial of layoff benefits based on its alleged sham discharge for cause. Instead of submitting an answer, defendant again moved to dismiss for legal insufficiency. Supreme Court denied its motion and defendant appeals.

Defendant contends that the complaint is insufficient since plaintiff was an at-will employee subject to discharge for no reason or for any reason except a statutorily impermissible reason not present here. Plaintiff, however, does not seek damages for wrongful discharge. Rather, she alleges in her complaint that she was induced to continue her employment by defendant's promises of certain benefits, including posttermination benefits in the event that her employment was terminated due to lack of work, and she also alleges that her termination was due to lack of work. Defendant claims that plaintiff's employment was terminated for cause, and defendant's motion papers include documentary proof to support that claim.

Despite this proof, Supreme Court's order denying defendant's motion must be affirmed. Since defendant elected to move to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), and since Supreme Court did not treat the motion as one for summary judgment on proper notice to the parties (see, CPLR 3211 [c]), we must accept the allegations of the pleading as true for the purpose of deciding the motion (see, Matter of FYM Clinical Lab. v Perales, 147 AD2d 840, 841, affd 74 NY2d 539), including the allegation that plaintiff was discharged for lack of work (Methe v General Elec. Co., 150 AD2d 853, 854, supra). Since plaintiff's amended complaint contains the allegations which this court found lacking in the original complaint (see, supra), Supreme Court correctly denied defendant's motion to dismiss.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.