■ GEORGE V. COLLINS, III, Respondent, v TROY PUBLISHING COMPANY, INC., et al., Appellants. [623 NYS2d 663] —Cardona, P. J. Appeal from an order of the Supreme Court (Spain, J.), entered May 23, 1994 in Rensselaer County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, an attorney admitted to practice law in New York, resigned his position as an Assistant District Attorney in Rensselaer County on January 5, 1993, one day after his appointment to that position by the District Attorney of Rensselaer County. On January 8, 1993, *The Record,* a daily newspaper owned by defendant Troy Publishing Company. Inc., published a front-page article by defendant Eric Drexler concerning plaintiff's resignation. Although the article correctly noted that plaintiff resigned for reasons related to his arrest record, the article erroneously reported that plaintiff had been convicted of public lewdness in the Town of North Greenbush, Rensselaer County, driving while intoxicated in the Town of East Greenbush, Rensselaer County, and larceny in an unspecified jurisdiction. After being contacted by plaintiff's attorney, defendants conducted a further investigation which revealed that plaintiff had never been convicted of a crime.[1] On February 14, 1993, defendants printed a front-page correction which stated that plaintiff's record had been "reported erroneously" and acknowledged that plaintiff had never been convicted of a crime. On April 30, 1993, plaintiff commenced this defamation action alleging *inter alia,* injury to his good name, credit and reputation as an attorney and that the article would continue in the future to cast a strong negative stigma upon his standing as an attorney.

---

1. The record establishes that defendant was convicted of disorderly conduct, a violation *(see,* Penal Law § 240.20), in 1985 and the traffic infractions of driving with ability impaired in October 1988 and May 1990.

Following limited discovery, defendants moved for summary judgment dismissing the complaint. Subsequently, plaintiff moved for an order (1) compelling defendants to submit to examinations before trial and permitting plaintiff to obtain depositions from nonparty witnesses, (2) striking defendants' answer and affirmative defenses for their failure to permit discovery of the sources of their news articles or, in the alternative, precluding defendants from relying upon the existence of their confidential sources, and (3) striking defendants' fourth affirmative defense and certain language in the verified bill of particulars as scandalous.

Supreme Court refused to consider the information imparted by or the reliability of defendants' confidential sources in determining defendants' motion for summary judgment and denied the motion, finding a triable issue of fact as to whether defendants acted with malice in publishing the article. The court, pursuant to CPLR 3126, granted plaintiff's alternative request for a protective order precluding defendants from relying upon their news sources at trial to prove that they acted without malice if they chose to keep the sources confidential under New York's "Shield Law" (Civil Rights Law § 79-h). The court also granted plaintiff's motion to dismiss defendants' fourth affirmative defense as scandalous. Defendants appeal.

In order for plaintiff, a public figure,[2] to recover damages for defamation against defendants he must prove that the offending factual assertions were false and that they were made with " ' "actual malice"—that is, with knowledge that [they were] false or with reckless disregard of whether [they were] false or not' " *(Freeman v Johnston,* 84 NY2d 52, 56, *cert denied —* US —, 115 S Ct 576, quoting *New York Times Co. v Sullivan,* 376 US 254, 280; *accord, Prozeralik v Capital Cities Communications,* 82 NY2d 466, 474). Plaintiff must establish the existence of actual malice by proof of "convincing clarity", i.e., clear and convincing evidence *(see, Freeman v Johnston, supra,* at 56). The convincing clarity standard must also be applied on a motion for summary judgment *(see, supra,* at 57; *see also, Anderson v Liberty Lobby,* 477 US 242, 254).

Because falsity is conceded here, this appeal distills to the issue of whether plaintiff has demonstrated the existence of clear and convincing evidence of actual malice by defendants. Resolution of this issue turns on whether Supreme Court

---

2. Plaintiff concedes that he is a public figure and that the actual malice standard is applicable.

correctly precluded defendants from relying on their confidential sources to establish lack of malice.

By attempting to rely on their confidential sources to prove that they acted without malice, defendants deprive plaintiff access to valuable material evidence that comprises a critical element of plaintiff's cause of action *(see, Greenberg v CBS Inc.,* 69 AD2d 693, 708-709). The CPLR 3126 protective order fashioned by Supreme Court is "no more [relief] than is reasonably necessary to protect legitimate interests" *(Sands v News Am. Publ.,* 161 AD2d 30, 37; *see, Oak Beach Inn Corp. v Babylon Beacon,* 62 NY2d 158, 167, *cert denied* 469 US 1158) and appropriately prevents defendants "from using as a sword the information which they are shielding from disclosure" *(Sands v News Am. Publ., supra,* at 37; *see, Feingold v Walworth Bros.,* 238 NY 446). Stripped of their confidential sources, the record reveals that defendants have no support for their assertions that plaintiff was convicted of any crime. In this context, the failure to obtain objective verification of the convictions, through an inspection of court records or confirmation from plaintiff or his family, could reasonably be regarded by a jury as a " 'product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity' of the published statement" *(Sweeney v Prisoners' Legal Servs.,* 84 NY2d 786, 793, quoting *Harte-Hanks Communications v Connaughton,* 491 US 657, 692) in order to be first to publish the story of plaintiff's resignation. Therefore, we find that plaintiff established a triable issue of fact as to whether defendants acted with actual malice in publishing the offending statements. Summary judgment was therefore properly denied.

Finally, Supreme Court's order striking defendants' fourth affirmative defense as scandalous *(see,* CPLR 3024) is not appealable as of right *(see,* CPLR 5701 [b] [3]). Inasmuch as permission was never sought, the appeal to that extent is dismissed *(see, Tudor v Riposanu,* 93 AD2d 718; *see also, Netbai v New York State Elec. & Gas Corp.,* 162 AD2d 862).

Mikoll, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.