[625 NYS2d 349]

In the Matter of HISTORIC ALBANY FOUNDATION, INC., Appellant, v BURTON FISHER et al., Respondents.

Third Department, April 20, 1995

## APPEARANCES OF COUNSEL

*Duker & Barrett,* Albany *(George F. Carpinello; Whiteman, Osterman & Hanna [Jeffrey Baker],* of counsel), for appellant.

*Cade & Saunders, P. C.,* Albany *(William Cade* of counsel), for Burton Fisher, respondent.

*Vincent J. McArdle, Jr., Corporation Counsel* of City of Albany *(Thomas A. Shepardson* of counsel), for Michael Haydock, respondent.

## OPINION OF THE COURT

CASEY, J.

The buildings at 472-478 Broadway in the City of Albany have been vacant and neglected for years. The owner of the buildings, respondent Burton Fisher, after considering alternatives, applied for and obtained a demolition permit from respondent City of Albany Building Commissioner on the basis that the condition of the buildings created an emergency situation. The City Fire Department issued a directive that its members should not enter the buildings in the event of a fire due to their hazardous condition. When demolition began, petitioner commenced this proceeding to vacate the demolition permit and obtained a temporary restraining order which halted the demolition. Following a structural evaluation of the buildings by an engineer, the Building Commissioner issued a demolition permit and order which required the owner to undertake immediate demolition. Petitioner obtained a temporary restraining order which enjoined demolition pending a determination by the City's Historic Resources Commission (hereinafter HRC) in regard to the structural integrity of the buildings. The HRC held a hearing and determined that the buildings were not in imminent danger of collapse.

Supreme Court subsequently decided that the Building Commissioner's determination that the buildings were unsafe and

issuance of a demolition permit were not arbitrary. A judgment was entered dismissing the petition and vacating the temporary restraining order. Petitioner appealed and has obtained a stay from this Court pending the appeal.

■ Petitioner claims that the Building Commissioner usurped the authority of the HRC under the City's Historic Resources Commission ordinance (see generally, Historic Albany Found. v Coyne, 159 AD2d 73, 75-76) by ordering demolition of the buildings without a review by the HRC. However, in our view, the Building Commissioner acted within his jurisdiction under the City ordinance and, therefore, the central issue on this appeal is whether the Building Commissioner's order that the buildings be demolished because they pose a threat to public health and safety was arbitrary and capricious.

Although the Code of the City of Albany requires an owner to obtain permission from the HRC to demolish a building in a historic district of the City, the ordinance also grants the Building Commissioner broad authority to act whenever an unsafe building poses a threat to public safety (see, Matter of Lemme v Dolan, 163 AD2d 717, 720). In an emergency situation, the Building Commissioner may "take any action authorized herein which is reasonably necessary to abate or remove the condition" (Code of City of Albany § 6A-2.10 [a]). "Such action may include but is not limited to demolition of the building or structure" (Code of City of Albany § 6A-2.10 [b]). The Historic Resources Commission ordinance contains an express limitation on the HRC's powers. The authority granted to the HRC "shall in no way affect, supersede or abridge any emergency powers or any other powers of the Commissioner of Buildings as to public safety, health and welfare" (Code of City of Albany § 1-136.1). Even if the City ordinance contained no express limitation on the HRC's authority, the Building Commissioner would not be powerless to act in an emergency. "In the face of a clear threat to the public health and safety, the governmental duty to its citizens and civil servants to protect such vital interests must take precedence over * * * aesthetic and historical concerns" (Wolk v Reisem, 67 AD2d 819, 820).

The Building Commissioner exercised his emergency powers by ordering the demolition of the buildings based upon the finding that the buildings constituted "an IMMEDIATE DANGER to the health, safety and welfare of [the] public, and adjacent

properties and occupants therein" *(cf., Historic Albany Found. v Coyne, supra,* at 76 [emergency powers to order demolition for safety reasons not invoked by the Building Commissioner]). Contrary to petitioner's argument, the above provisions demonstrate that the Building Commissioner's powers are not dependent upon whether a particular building is in "imminent danger of collapse". Rather, the Building Commissioner is empowered to order demolition whenever a building is "a direct hazard or an immediate danger to the health, safety or welfare * * * of the public" (Code of City of Albany § 6A-2.10 [a]). The scope of review is whether "the determination by the agency that such an emergency exists is arbitrary and capricious" *(Matter of Greenpoint Renaissance Enter. Corp. v City of New York,* 137 AD2d 597, 601, *lv denied* 72 NY2d 810).

In support of his initial application for a demolition permit, Fisher, the owner, submitted the report of an architect, who recommended demolition because of the hazardous condition of the buildings and the serious risks associated with ownership of the buildings. Petitioner submitted the report of an engineer who found areas of severe damage as a result of long-term neglect, but concluded that the buildings were not in imminent danger of collapse and could be repaired. The Building Commissioner ordered an independent evaluation of the buildings by a structural engineer, who provided a detailed report of substantial deterioration and deficiencies in the structural elements of the buildings, particularly those in the basement and first and second floors. The structural engineer recommended that "from the standpoint of safety, access to the interior of the structure be kept to a minimum, and you begin demolition procedures". The evidence establishes a rational basis for the Building Commissioner's determination to invoke the emergency powers authorized by the City ordinance.

Contrary to the argument of Fisher that he was improperly named as a party, it is our view that his ownership of the buildings makes him a proper party.

The judgment should be affirmed.

CARDONA, P. J., MERCURE, WHITE and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.