■ HENBEST & MORRISEY, INC., Respondent, v W. H. INSURANCE AGENCY, INC. et al., Appellants. [686 NYS2d 207] —Mercure, J. Appeal from an order of the Supreme Court (Ellison, J.), entered March 18, 1998 in Chemung County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff, an insurance agency situated in the City of Elmira, Chemung County, commenced this action for equitable relief and monetary damages arising out of the withdrawal of its president and director, defendant William H. Henbest, to establish a competing agency, defendant W. H. Insurance Agency, Inc., and the defection of two other of its key employees, defendants Denise L. Button and Judith E. Carson. The complaint alleges the individual defendants' breach of loyalty in formulating a plan to quit plaintiff's employ and form a competing business and in taking possession of plaintiff's customer list (first cause of action), Henbest's breach of fiduciary duty based upon his capacity as an officer and director of plaintiff (second cause of action), all defendants' unfair competition based upon their solicitation of plaintiff's customers (third cause of action), Henbest's breach of a written employment contract in using plaintiff's confidential customer list (fourth cause of action), all defendants' trademark infringement and unfair competition in using the name "Henbest" (fifth cause of action) and tortious interference with plaintiff's contractual relations (sixth cause of action). In lieu of an answer, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for summary judgment. Supreme Court denied the motion, and defendants appeal.

We affirm. Although not raised as an issue in either of the parties' briefs, it is fundamental law that a motion for summary judgment may not be made prior to joinder of issue (CPLR 3212 [a]). Further, although a motion to dismiss pursuant to CPLR 3211 (a) (7) may, and often should, be converted to a summary judgment motion by the court after adequate notice to the parties (CPLR 3211 [c]), no such notice appears to have been given in this case. Finally, although the notice

requirement may be obviated in cases where it can be found that the parties "deliberately chart[ed] a summary judgment course" (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320; *accord, Gregware v Key Bank*, 218 AD2d 859, 861, *lv denied* 87 NY2d 803), the present record does not support such a finding (*see, Mihlovan v Grozavu*, 72 NY2d 506). Notably, in opposing defendants' motion, plaintiff contended that summary judgment was premature and that discovery was necessary in order to ascertain critical evidence that was within defendants' sole knowledge and control.

The result of the foregoing is that in determining the motion to dismiss, we must accept the allegations of the complaint as true and ignore the affidavits submitted by defendants (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636; *Matter of Morey v City of Gloversville*, 203 AD2d 625; *Methe v General Elec. Co.*, 169 AD2d 864; *Matter of FYM Clinical Lab. v Perales*, 147 AD2d 840, *affd* 74 NY2d 539; *but see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C:3211:25, at 39-40).* Because none of the causes of action alleged in the complaint are facially deficient, we have no real alternative but to affirm Supreme Court's order.

Cardona, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although we understand Professor Siegel's concern that our continued adherence to the rule established by the Court of Appeals in *Rovello v Orofino Realty Co.* (*supra*, at 40) is "not healthy for litigation practice", it should be noted that the burden of drafting and serving an answer is not a great one. In our view, the primary cause for delay in this case was defendants' unwillingness to serve an answer and their subsequent choice to pursue a meritless appeal rather than serve an answer, engage in some disclosure and then move for summary judgment.