■ JULIE CARNEY, Appellant, v JOHN INSETTA, as Personnel Director for the City of Oneonta, et al., Respondents. [692 NYS2d 867] —Crew III, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered October 6, 1998 in Otsego County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint.

In October 1993, plaintiff was appointed to serve as the Animal Control Officer for defendant City of Oneonta in Otsego County. Pursuant to the initial terms of her appointment, plaintiff was to work a minimum of 24 hours per week at a

---

* Petitioner was also charged with, but found not guilty of, fighting.

rate of $8 per hour.* Additionally, plaintiff was provided with health insurance benefits. Although the Animal Control Officer title previously had been a full-time, salaried position, the position subsequently was restructured by the City's Common Council, and the record reflects that plaintiff was hired and paid on a part-time, hourly basis.

Beginning in September 1994, plaintiff expressed dissatisfaction with the terms of her appointment and sought, *inter alia*, a salaried position and certain benefits outlined in the City's administrative personnel manual. After being advised that she was not entitled to such benefits due to her part-time status, plaintiff apparently filed a notice of claim against the City and thereafter commenced this action for breach of contract. Following joinder of issue, plaintiff moved for partial summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendants' cross motion, prompting this appeal.

We affirm. Although the parties devote a significant portion of their respective briefs to debating the meaning and significance of certain cited passages in the City's personnel manual, with plaintiff emphasizing the fact that the position of Animal Control Officer is a "covered position" for purposes of said manual, the issue of plaintiff's entitlement to the benefits contained therein is readily resolved by looking to the terms of her appointment. As noted previously, prior to restructuring, the title of Animal Control Officer was a full-time, salaried position and, pursuant to the terms of the City's personnel manual, the appointee holding such position was entitled to certain additional benefits, such as sick leave and vacation time. Plaintiff concedes, however, and the record clearly reveals, that she was hired on a part-time, hourly basis. Thus, simply stated, despite whatever benefits may have been available to previous appointees holding the full-time, salaried Animal Control Officer position, there is nothing in the City's personnel manual, or the record as a whole for that matter, to indicate that such benefits ever were intended to apply to a part-time, hourly appointee such as plaintiff. Contrary to plaintiff's assertion, the inclusion of the Animal Control Officer title as a covered position in the personnel manual is not dispositive, as the position covered by the manual and the position held by plaintiff is not one and the same. Notably, the benefits outlined in the City's personnel manual were not offered to plaintiff at the time of her appoint-

---

* The number of hours that plaintiff was required to work per week subsequently was reduced.

ment and, hence, could not form the basis for her acceptance of the relevant position (*see generally, Methe v General Elec. Co.,* 150 AD2d 853, 854, *lv dismissed* 74 NY2d 842). Plaintiff's remaining contentions have been examined and found to be lacking in merit and, accordingly, Supreme Court's order is affirmed.

Mercure, J. P., Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.