■ Historic Albany Foundation et al., Appellants, v Michael Breslin, as Albany County Executive, et al., Respondents. [724 NYS2d 113] —Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered November 22, 2000 in Albany County, which, *inter alia*, granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff Historic Albany Foundation (hereinafter plaintiff) is a domestic, not-for-profit corporation dedicated to preserving the City of Albany's historic structures. It commenced this action against defendants County of Albany and Michael Breslin, the County Executive, seeking to enjoin the County from demolishing a County-owned historic building located at 41 Ten Broeck Street in the Ten Broeck historic district of the City (hereinafter the building) without first complying with the provisions of the City's Historic Resources Commission ordinance (*see*, Code of City of Albany, part I, ch 42, pt 4 [hereinafter the ordinance]) and the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]).

The ordinance created an Historic Resources Commission (hereinafter HRC) that is charged with, *inter alia,* the protection and preservation of historic buildings in certain designated areas of the City in order to "preserve the historic, cultural, architectural and archaeological heritage of the City of Albany" (Code of City of Albany § 42-83 [G]). The ordinance prohibits demolition of a protected building unless the HRC determines that "preservation of the building constitutes a hardship * * * or that the building is a noncontributing structure" (Code of City of Albany § 42-94 [B] [1]) and approves a plan for new development (*see,* Code of City of Albany § 42-94 [B] [3]). The ordinance does reserve to the City's Commissioner of Buildings[1] (hereinafter Department Chief) emergency powers to protect the public safety, health and welfare (*see,* Code of City of Albany § 42-96) which have been interpreted to include ordering the demolition of an historic structure without the HRC's consent when the Department Chief determines that the structure is a direct hazard or immediate danger to the health, safety or welfare of the public (*see, Matter of Historic Albany Found. v Fisher,* 209 AD2d 135, 137).

The County acquired ownership of the subject building by tax foreclosure sale in August 1999. The building was constructed in 1845 and has been listed on the National Register of Historic Places since 1978. Because of the very poor condition of the building, the County appeared before the HRC in April 2000 seeking permission to demolish the building. As a result of that appearance, a County representative met with representatives of the historic neighborhood and plaintiff to consider alternatives to demolition, including preserving the historic facade of the building and constructing a new building behind it. The County representative indicated that he would check on the feasibility and cost of preserving the facade and report back to the group. The record does not indicate that the County took any further action before August 28, 2000 when the County Office of Code Enforcement issued its own demolition permit and the County's independent contractor started to demolish the building.

Plaintiff commenced this action on August 29, 2000 and obtained a temporary restraining order halting the demolition. On September 8, 2000, the City's Department Chief requested that the County demolish the structure but preserve and stabilize the facade. On September 11, 2000, the County ap-

1. Although referred to as the Commissioner of Buildings, the title is now Chief of the Department of Fire, Emergency and Building Services (*see,* Code of the City of Albany § 42-58.2).

plied to the HRC for a hardship waiver pursuant to section 42-94 of the ordinance seeking authorization to completely demolish the building. After the HRC denied the application on November 1, 2000, defendants moved to dismiss the complaint claiming that the County Office of Code Enforcement had jurisdiction to direct an emergency demolition of a County-owned structure located within an historic district in the City. On November 14, 2000, the City's Department Chief issued a notice and order finding the building to be unsafe and unfit, and directing the County to immediately stabilize the facade of the building and submit a long-range stabilization plan to preserve the facade within 10 days.

Plaintiff then moved for summary judgment. Defendants replied to plaintiff's motion and, because of the November 14, 2000 order, asked that the City be added as a party plaintiff. The parties thereafter stipulated to permit the City to intervene as a party plaintiff. Upon final submission of the motions, Supreme Court found that the County, in an emergency situation, may order the demolition of its own building without complying with the provisions of the ordinance or SEQRA, granted defendants' motion to dismiss the complaint and denied plaintiff's motion for summary judgment. Plaintiffs now appeal.

Although not raised by any party on appeal, we note that issue was never joined in this action and plaintiff's motion for summary judgment should have been dismissed as premature (*see*, CPLR 3212 [a]; *City of Rochester v Chiarella*, 65 NY2d 92, 101; *Henbest & Morrisey v W. H. Ins. Agency*, 259 AD2d 829; *Miller v Schreyer*, 257 AD2d 358, 361). Likewise, with respect to defendants' motion to dismiss the complaint, apparently made pursuant to CPLR 3211 (a) (7), we find no facial deficiency in either cause of action alleged in the complaint which would require granting of that motion (*see*, *Rovello v Orofino Realty Co.*, 40 NY2d 633; *Henbest & Morrisey v W. H. Ins. Agency, supra*; *Matter of FYM Clinical Lab. v Perales*, 147 AD2d 840, *affd* 74 NY2d 539), unless it is treated as one for summary judgment (*see*, CPLR 3211 [c]). While the notice to the parties required by that statute does not appear to have been given in this case, such notice of the court's intent to convert a motion to dismiss to one for summary judgment may be excepted where "the action involves no issues of fact, but only issues of law fully appreciated and argued by both sides" (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320). Here, the issue raised by defendants on their motion to dismiss is one of law fully briefed and argued by the parties. Accordingly, to the

extent that it is necessary procedurally, we exercise our inherent power (*see,* NY Const, art VI, § 5; CPLR 5501 [c]; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499) and convert defendants' motion to dismiss to a motion for summary judgment.

Turning to the merits of defendants' converted motion, we are left to decide whether the County Office of Code Enforcement may unilaterally authorize the demolition of a County-owned historic building in an emergency situation. Although we are of the opinion that the question must be answered in the negative, we nevertheless grant defendants summary judgment dismissing the first cause of action and deny that part of the motion which seeks dismissal of the second cause of action.

It is well settled that the County, as the owner of an historic building situated within an historical district, is subject to the provisions of the ordinance (*see, Historic Albany Found. v Coyne,* 159 AD2d 73). It is also well settled that the City Department Chief possesses emergency powers to order demolition for safety reasons without first complying with the provisions of the ordinance (*see,* Code of City of Albany § 42-96; *Matter of Historic Albany Found. v Fisher,* 209 AD2d 135, *supra*).

In *Matter of Historic Albany Found. v Fisher* (*supra*), while finding that former section 1-136.1 of the ordinance[2] placed an express limitation on the HRC's powers by subordinating the provisions of the ordinance to the emergency powers of the Commissioner of Buildings in matters of public safety, we also stated that "[e]ven if the City ordinance contained no express limitation on the HRC's authority, the * * * Commissioner [of Buildings] would not be powerless to act in an emergency" (*id.,* at 137). Because the County is charged with the responsibility of enforcing the New York State Uniform Fire Prevention and Building Code with respect to buildings that it owns (*see,* Executive Law § 381; 19 NYCRR 441.2 [a]; 9 NYCRR 1153.1 [a]), Supreme Court interpreted the above-quoted language in *Fisher* as extending to the County similar authority to order demolition of an historic building in emergency situations without the HRC's approval. Such an interpretation must be rejected because it thwarts the very purpose of the ordinance by allowing a property owner to circumvent lawful procedures that are designed to regulate and restrict the demolition of historic buildings in protected districts. We conclude that even if the County determines that a County-owned historic build-

2. Now Code of City of Albany § 42-96.

ing located within City limits is a risk to public safety requiring demolition (*see*, *Historic Albany Found. v Coyne*, *supra*, at 76), the County is subject to the ordinance as any other owner of a protected building would be and is required to follow the steps outlined in the ordinance in order to obtain a demolition permit.

In fact, the record indicates that the County attempted to comply with the ordinance by filing a hardship waiver application[3] with the HRC. The record, however, does not indicate whether an administrative appeal from the HRC's denial was filed. Such an appeal, followed by an appropriate CPLR article 78 proceeding, if necessary, would have provided the County with the intended procedural route to review any decision it deemed arbitrary and capricious (*see*, *Matter of Lemme v Dolan*, 163 AD2d 717, 718). "Moreover, the various factual issues raised by the parties, e.g., as to the needs for demolition, and economic considerations, should not be addressed in this action, but should be resolved in a proceeding before the [HRC], the agency created to implement the ordinance" (*Historic Albany Found. v Coyne*, *supra*, at 80).

Notwithstanding our conclusion that the County may not act unilaterally to determine that a County-owned building situated within an historic district is unsafe and may be demolished, our search of the record confirms that defendants are entitled to summary judgment dismissing the first cause of action.

The City's Department Chief has determined the subject building to be unsafe and unfit and in imminent danger of collapse. That determination is supported by the report of the County's engineer and the engineer engaged by plaintiff, and removes any question of fact with respect to the unsafe condition of the building. In light of the Department Chief's determination that the building is presently unsafe and unfit, further compliance with the ordinance is unnecessary and would further delay the necessary emergency action needed to insure the safety of the public.

Our dismissal of the first cause of action requires us to consider the second cause of action, which alleges that defendants failed to comply with SEQRA. Additionally, our search of the limited record on this appeal demands that we also consider whether the County should be directed to comply with the direction of the City's Department Chief to stabilize the building and submit a plan for preservation of the facade.

---

3. The hardship waiver application is not a part of the record on appeal.

While Supreme Court found that defendants' plan to demolish the building constituted an emergency action exempt from the provisions of SEQRA, on this record, we do not share that view. We note that the SEQRA regulation relied upon by Supreme Court exempts "emergency actions that are immediately necessary on a limited and temporary basis for the protection or preservation of life, health, property or natural resources, provided that such actions are directly related to the emergency and are *performed to cause the least change or disturbance, practicable under the circumstances*, to the environment" (6 NYCRR 617.5 [c] [33] [emphasis supplied]). Similarly, the Code of the City of Albany authorizes the City's Department Chief, in an emergency situation, to take whatever authorized action "is *reasonably necessary* to abate or remove" the unsafe building (Code of the City of Albany § 133-55 [A] [emphasis supplied]). Although plaintiffs and defendants agree that the building is unsafe, they strongly disagree about how the dangerous condition should be abated or removed. Defendants urge demolition, as supported by their engineer's report, and claim that the cost of stabilization and preservation of the facade is prohibitive. The City has ordered stabilization and submission of a preservation plan for the facade, a directive which coincides with plaintiff's wishes in this matter. Accordingly, we find that a question of fact exists as to what type of emergency action is "reasonably necessary" or "practicable under the circumstances" to abate or remove this dangerous condition and, as a result, Supreme Court's order dismissing the second cause of action must be reversed and the matter remitted for that determination.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the complaint; said motion converted to a motion for summary judgment, motion granted as to the first cause of action and denied as to the second cause of action, and first cause of action dismissed; and, as so modified, affirmed.