■ HISTORIC ALBANY FOUNDATION et al., Respondents, v MICHAEL BRESLIN, as Albany County Executive, et al., Appellants. [745 NYS2d 331] —Lahtinen, J. Appeal from an order of the Supreme Court (McNamara, J.), entered June 29, 2001

in Albany County, which held that defendants were exempt from conducting an environmental review before stabilizing the facade of an historic building.

The relevant facts of this case are set forth more fully in our prior decision (282 AD2d 981, *lv dismissed* 97 NY2d 636). Briefly stated, in August 2000, defendant County of Albany (hereinafter the County) began demolishing a County-owned historic building located in the Ten Broeck district of plaintiff City of Albany (hereinafter the City). Plaintiff Historic Albany Foundation (hereinafter the Foundation) obtained a temporary restraining order and commenced an action against the County and defendant Michael Breslin, the County Executive, seeking to enjoin the County from razing the building. The Foundation's complaint asserted two causes of action. The first alleged that defendants violated the City's Historic Resources Commission Ordinance and the second alleged that defendants failed to comply with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA).

On November 14, 2000, the City, which had not yet been made a party to the lawsuit, directed, inter alia, that the County immediately stabilize the building's facade. In response to such directive, the County urged that the City be added as a party (*see*, CPLR 1001) so that the City's actions could be challenged as part of the County's contention in the pending litigation that it had jurisdiction to act regarding the building independent of the City's ordinance. Shortly thereafter, the City was added as a party plaintiff. The County further urged that, if it did not prevail on the jurisdictional issue, a hearing was necessary to determine an appropriate emergency remedy.

Addressing the sundry issues implicated in the expedited litigation, Supreme Court (Malone, Jr., J.) ruled in favor of the County on the jurisdictional issue and dismissed the complaint. On appeal, we disagreed with Supreme Court on the jurisdictional issue and held that defendants were required to comply with the City ordinance; however, we found that dismissal of the first cause of action was appropriate because the City Department Chief (whose actions are exempt from the ordinance in certain emergency situations) had determined that the building was unsafe and in imminent danger of collapse (282 AD2d 981, 985, *supra*). We reversed the order of dismissal regarding the SEQRA cause of action, and remitted the matter for a factual determination as to "what type of emergency action is 'reasonably necessary' or 'practicable under the circumstances' to abate or remove this dangerous condition" (*id.* at 986).

At the commencement of the remittal hearing, Supreme Court (McNamara, J.), articulated the issue consistent with this Court's decision. In Supreme Court's subsequent written decision, however, the sole issue was framed presupposing stabilization, as follows: "whether the County must comply with SEQRA before stabilizing the facade." The court held that a dangerous condition existed and, thus, that the County was exempt from conducting an environmental review before stabilizing the facade. Defendants appeal, asserting that Supreme Court's decision improperly presupposed stabilization of the facade as the only available option. The Foundation filed a cross appeal, which it has now withdrawn.

We agree with defendants that the issue was framed too narrowly in Supreme Court's written decision following the hearing. Rather than remit the matter and create further delay when all parties acknowledge the case needs expeditious resolution, we elect to exercise our power to review the record and make factual findings (*see, Winchell v Caron*, 260 AD2d 888, 888-889; *Kandrach v State of New York*, 188 AD2d 910, 912-913). Defendants' expert, Justin Brennan, the County engineer, testified that the entire building should be demolished because of anticipated difficulties working with the facade bricks, which are over 150 years old, and because of the estimated cost. Cross-examination revealed that Brennan had limited experience in evaluating and restoring historic buildings. Plaintiffs' expert, David Biggs, an engineer with vast experience in evaluating the structural integrity of historic buildings, opined that the facade bricks were in good condition and that the facade could be stabilized despite the necessity of removing the back of the building. The testimony of Ronny Moore, the general manager of a restoration company, demonstrated that many of defendants' assumptions pertaining to the cost of stabilization were improper. Upon review of the record, we find the proof presented by plaintiffs persuasive and conclude that stabilizing the facade (while removing the remainder of the building) is the appropriate emergency action practicable under the circumstances (*see*, 6 NYCRR 617.5 [c] [33]). Supreme Court's ultimate determination is, therefore, affirmed.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.