# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1173**

**CA 14-01183**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

COUNTY OF LIVINGSTON, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

RONALD E. CHABOT AND BETHANY J. RAGUE,
DEFENDANTS-APPELLANTS.

---

PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

PHILLIPS LYTLE LLP, ROCHESTER (MARK J. MORETTI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Livingston County (Dennis S. Cohen, A.J.), entered June 5, 2014. The
judgment, among other things, granted plaintiff's motion for summary
judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Defendants appeal from a judgment declaring that
plaintiff is the owner in fee of a parcel of real property that was
subject to an in rem foreclosure proceeding on delinquent tax liens
pursuant to RPAPL article 11 and dismissing the counterclaims.
Defendants contend that plaintiff failed to comply with the notice
provisions of RPAPL 231 (2) (a) with respect to the public auction of
the property, which they contend constitutes a jurisdictional defect
in the in rem foreclosure proceeding. Although defendants raised that
issue as a counterclaim, defendants failed to oppose the motion for
summary judgment on that ground and thus that contention is not
properly before us (*see Ciesinski v Town of Aurora*, 282 AD2d 984,
985). Furthermore, defendants failed to move to open the default
judgment within one month as required by RPTL 1131. In any event,
defendants' contention is without merit. Where, as here, a tax
district becomes vested with title to real property by virtue of a
foreclosure proceeding (*see* RPTL 1136 [3]), it is authorized to sell
or convey the real property "with or without advertising for bids,
notwithstanding the provisions of any general, special or local law"
(RPTL 1166 [1]). Contrary to defendants' contention, our decision in
*Matter of Foreclosure of Tax Liens [ExxonMobil Oil Corp.—Hughes]* (41
AD3d 1243, 1243-1244) does not compel a different result. In that
case, respondent City of Buffalo had not been vested with title to the

property pursuant to RPTL 1136 (3).