Krusen v Moss (2019 NY Slip Op 05733)





Krusen v Moss


2019 NY Slip Op 05733


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

526648

[*1]MICHAEL S. KRUSEN, Respondent,
v
CHRISTOPHER J. MOSS, Appellant.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons and Pritzker, JJ.


Levene Gouldin & Thompson, LLP, Vestal (Michael R. Wright of counsel), for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Albert J. Millus Jr. of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Tait, J.), entered April 5, 2018 in Chemung County, which partially denied defendant's motion for, among other things, dismissal of the complaint.
Plaintiff, who at the time was the Deputy County Executive of Chemung County and was running for the position of County Executive, commenced this action claiming that defendant, who was the Chemung County Sheriff and was also running for County Executive at the time, made several defamatory statements concerning his use of a county-issued gas credit card. As relevant here, plaintiff specified two separate statements, one that was published on defendant's campaign Facebook site and one that was published on another Internet website. Prior to serving an answer, defendant moved under CPLR 3024 to strike paragraphs 9 and 24 in the complaint as scandalous and for "[d]ismissal pursuant to CPLR 3211 and/or summary judgment pursuant to CPLR 3212." Plaintiff opposed the motion, and, while it was pending, defendant served an answer. In an April 2018 order, Supreme Court partially granted that part of defendant's motion seeking relief under CPLR 3024 by striking paragraph 9 from the complaint and, as relevant here, denied that part of the motion seeking dismissal of the complaint with respect to the Facebook and Internet postings. Defendant appeals. We affirm.
As an initial matter, we are without jurisdiction to entertain defendant's contentions challenging that part of the April 2018 order that denied his motion to strike certain paragraphs from the complaint under CPLR 3024 (see CPLR 5701 [b] [3]). Defendant was required to seek leave to appeal (see e.g. Netbai v New York State Elec. & Gas Corp., 162 AD2d 862, 862 [1990]) and, because he did not do so, this portion of his appeal is not properly before us (see Collins v Troy Publ. Co., 213 AD2d 879, 881 [1995]).
Regarding that part of defendant's motion seeking dismissal of the complaint, we note that, in seeking said relief, defendant relied on both CPLR 3211 and 3212. Plaintiff, however, [*2]contends that the standards of only CPLR 3211 should apply. We agree. "A motion for summary judgment may not be made before issue is joined and the requirement is strictly adhered to" (City of Rochester v Chiarella, 65 NY2d 92, 101 [1985] [citations omitted]). The record reflects that defendant made his motion in September 2017, plaintiff opposed it in October 2017 and defendant served his answer in November 2017. In view of this procedural posture, defendant's motion was premature to the extent that he sought summary judgment. We cannot say that the parties deliberately charted a summary judgment course (see e.g. Kline v Town of Guilderland, 289 AD2d 741, 741 n [2001]; Patten Corp. v Association of Prop. Owners of Sleepy Hollow Lake, 172 AD2d 996, 1000 [1991]), as plaintiff argued in his opposition papers that issue had not been joined and that there had been no discovery (see Henbest & Morrisey v W.H. Ins. Agency, 259 AD2d 829, 829-830 [1999]). Furthermore, although a court may treat a pre-answer motion as one seeking summary judgment, it must notify the parties that it is doing so (see CPLR 3211 [c]). There is no indication that Supreme Court gave this notification and, therefore, the court, to the extent that it did so, erred in analyzing the motion under CPLR 3212 (see Lockheed Martin Corp. v Aatlas Commerce, Inc., 283 AD2d 801, 802-803 [2001]; Henbest & Morrisey v W.H. Ins. Agency, 259 AD2d at 829-830).
That said, we reject defendant's contention that he is shielded from liability due to absolute immunity. This immunity protects government officials, such as defendant, "with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties" (Clark v McGee, 49 NY2d 613, 617 [1980]). As such, plaintiff cannot maintain a defamation claim against defendant based upon statements "emanating from official reports and communications" (Mahoney v Temporary Commn. of Investigation of State of N.Y., 165 AD2d 233, 238 [1991]). Although defendant was commenting about an investigation being conducted by his office, as well as responding to attacks on the credibility of his office, the documentary evidence in the record establishes that the challenged statements were not posted on the official site of the Chemung County Sheriff. Rather, they were posted on defendant's campaign Facebook page and another Internet website. Under these circumstances, defendant cannot rely on absolute immunity (compare Charlie's at the Fair, LLC v State of New York, 135 AD3d 1042, 1044-1045 [2016]).
Defendant also asserts that his Facebook posting constituted nonactionable opinion. As alleged in the complaint, the Facebook posting stated, "this 'is' definitely about politics, and greed which often go hand in hand. Making over $200,000 a year and pilfering free gas from taxpayers, it's unacceptable and as an elected official I'm going to call it as I see it." According to defendant, this Facebook posting was nonactionable opinion because it was supported by facts and was in response to plaintiff's attack on his credibility. We disagree. The statement that plaintiff was "pilfering free gas from taxpayers" is "susceptible to a defamatory meaning, inasmuch as [it] convey[s], at a minimum, serious impropriety and, at worst, criminal behavior" (Loder v Nied, 89 AD3d 1197, 1200 [2011]; Greenberg v Spitzer, 155 AD3d 27, 47-48 [2017]; cf. Baker v Galusha, 114 AD3d 1124, 1124-1125 [2014]). Such statement also "has a precise meaning that is capable of being proven true or false" (Rabushka v Marks, 229 AD2d 899, 902 [1996]). As such, Supreme Court correctly concluded that this statement was actionable.
Finally, defendant argues that plaintiff failed to establish actual malice. As a public figure, plaintiff must prove by clear and convincing evidence that defendant made the alleged defamatory statements with actual malice — i.e., "with knowledge that [they were] false or with reckless disregard of whether [they were] false or not" (Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 353-354 [2009] [internal quotation marks and citation omitted]; see Freeman v Johnston, 84 NY2d 52, 56 [1994], cert denied 513 US 1016 [1994]). The complaint alleged that defendant published the false statements and that they "were made in bad faith, with reckless disregard for the truth" and "tend[ed] to subject plaintiff to public contempt, ridicule, aversion, and disgrace." In view of these allegations, as well as the specific statements at issue, we are satisfied that plaintiff sufficiently pleaded malice (see Kotowski v Hadley, 38 AD3d 499, 500 [2007]). Furthermore, under the circumstances of this case, discovery is necessary to allow plaintiff to explore defendant's knowledge and motivation for making the alleged defamatory statements (cf. Volgstadt v Jamestown Scrap Corp., 207 AD2d 966, 966 [1994]).
Garry, P.J., Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.